OPINION OF THE COURT
Joseph D. Quinn, Jr., J.
At issue in this habeas corpus proceeding, in which relator seeks release from confinement and reinstatement to parole, is whether the Correction Department, upon discovering that a paroled inmate’s release was predicated upon an erroneous calculation of eligibility which it had furnished to the Board of Parole, may lawfully arrest the released inmate without warrant and confine him to State prison until service of minimum time has been completed, without necessity of further act upon the part of the Board of Parole.
*186 On April 27, 1970, relator, having been convicted under a 1967 indictment of the crimes of first degree rape, first degree burglary and second degree grand larceny was sentenced to indeterminate terms of 0 to 12 years, 0 to 7 years and 0 to 5 years, all concurrently, and was committed to the custody of the New York Department of Correction. On June 25, 1973, relator, while serving those sentences, was convicted upon an open 1969 indictment of the crimes of first degree burglary, first degree robbery, second degree grand larceny, second degree kidnapping and third degree burglary, and was sentenced to indeterminate terms of 8 Vs to 25 years, 8 Vs to 25 years, 216 to 7 years, 8 Vs to 25 years and 2 Vs to 7 years. The first four of those terms were imposed concurrently to each other, consecutively as to the fifth. All five of the terms were imposed consecutively to the three terms imposed in 1970. After the sentences were pronounced in 1973, relator was again remanded to the custody of the Correction Department.
Relator’s confinement in State prison continued until August 26, 1978, when he was released on parole pursuant to an order apparently made by the Board of Parole during the month of July, 1978. The Parole Board’s decision in this regard was based upon a certification from the Correction Department to the effect that the relator would have completed service of a minimum term of 8 Vs years by the time of the release date. In fact, this computation was founded upon the mistaken assumption that the period of 3 years, 1 month and 28 days, which relator had spent in prison between the first and the second sentencing was required to be credited against the longest minimum sentence, i.e., 8Vs years, imposed upon him in 1973.
Upon release, relator immediately became employed in a Comprehensive Employment and Training Act program in Orange County and advanced rapidly in this work. On November 10, 1978, two officers from the Correction Department called upon the relator. After informing him of the error in computation of prison time credit, the officers took him without warrant and returned him to Otisville Correctional Facility. On the following day, relator was transferred to Green Haven Correctional Facility, where he has been confined to date. Since his return to confinement, relator has been afforded no hearing, nor has he had further word from the Board of Parole. At no time has the claim ever been made *187 that relator violated his parole. Nor has his parole ever been formally revoked.
Upon these facts, relator contends that he is entitled to a hearing and to restoration to parole. In this connection, he argues that the recomputation of his prison time credit was improperly made under the provisions of section 70.30 (subd 1, par [b]) of the Penal Law as that section, subdivision and paragraph were amended effective September 1, 1978, rather than under those statutory areas as they obtained at the time of his release in August of 1978.
When this matter was argued, the Attorney-General called a senior parole officer to testify. Under direct examination this witness produced relator’s file, referred to an opinion of the Division of Parole to the effect that relator’s minimum eligibility date was October 24, 1981, and stated that the Parole Board took the position that, after recomputation, the Board of Parole lacked jurisdiction over relator, and that the Correction Department had the responsibility of certifying relator’s correct eligibility date and of confining him at this time. Cross-examination of this witness verified the August 26, 1978 release and the subsequent recomputation of time which led to relator’s reconfinement.
Responding to the writ, the Attorney-General urges that the original calculation of relator’s service of minimum time was in error, that the board’s release determination, based as it was upon a mistake, was a nullity, and that, since no violation is involved, a hearing is contraindicated. The Attorney-General has, however, recommended that the Board of Parole give relator notice of the annulment of its earlier determination and of the underlying reason therefor.
This court has considered relator’s contention that he was properly credited with time served under his 1970 sentence as against the longest minimum term of the consecutive sentence imposed in 1973, and finds this contention to be lacking in merit. Under the provisions of section 70.30 (subd 1, par [b]) of the Penal Law, as it obtained at the time of relator’s release in August of 1978, no part of a consecutively imposed minimum term of an indeterminate sentence could be satisfied by service under a previously imposed sentence. The statute was designed to assure the fact that any minimum term subsequently imposed consecutively would have to be served in full, irrespective of the time already served on earlier sentences. (Cf. Hechtman, Practice Commentaries, *188 McKinney’s Cons Laws of NY, Book 39, Penal Law, § 70.30, pp 248, 249-250.)
The incredible blunders here amount to a cruel hoax upon the relator, who apparently has been a model prisoner. But unfortunately, in our view, even such bureaucratic gaffes do not give rise to legal redress. The Board of Parole lacked power to release relator prior to the expiration of his longest minimum period of imprisonment. Thus, the board’s act was indeed a nullity. For this reason, legal custody of the relator remained with the Department of Correctional Services and never passed to the Division of Parole. Consequently, the Correction Department was within its rights in returning relator to confinement, and the question posed at the outset of this decision must be answered in the affirmative.
Accordingly, the petition is denied and the writ is dismissed.